

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

June 29, 1953

Mrs. B. B. Sapp, Director
Teacher Retirement System
Austin, Texas

Dear Mrs. Sapp:

Opinion No. S-58.

Re: Authority of Teacher Re-
tirement System to pool all
assets of all funds of the
System for investment pur-
poses.

You have requested our opinion as to whether the Teacher Retirement System may pool all of the assets of the various funds of the System for Investment purposes.

Article 2922-1 of Vernon's Civil Statutes provides in part as follows:

"All of the assets of the Retirement System shall be credited according to the purpose for which they are held to one (1) of seven (7) funds, namely, the Teacher Saving Fund, the State Membership Accumulation Fund, the Membership Annuity Reserve Fund, the Prior-Service Annuity Reserve Fund, the Interest Fund, the Permanent Retirement Fund, and the Expense Fund."

Article 4363, V.C.S., requires that:

"The Comptroller shall keep appropriate accounts by funds, showing a short description of the essential features of each, of each bond, or of each purchase of similar or like bonds, or other securities purchased by and belonging to the permanent school and other funds of the State; . . . He shall also keep controlling or total accounts of such bonds or other securities, which accounts shall be kept with respect to the total amount of bonds or other securities belonging to each separate fund."

Article 4364, V.C.S., enacts the following requirements,

among others:

>"3. . . . The following accounts shall be kept
in the General Ledger: State Treasurer Cash Account,
State Treasurer Bond Account, State Treasurer Securi-
ties in Trust, Warrants Payable, Departmental Suspense,
General Land Office Suspense, Securities in Trust Fund
Accounts Showing Net Balances, separate account for
each fund, Fund Accounts for Bonds Owned, separate ac-
count for each fund, or other accounts as may be found
necessary. . . .

>"Accounts shall be kept for funds, a separate ac-
count for each fund, which shall be credited with deposit
warrants and charged with pay warrants issued: Balances
of such accounts shall represent balances in the funds af-
ter taking into consideration all warrants issued. Accounts
shall also be kept showing the bonds or securities owned by
each fund."

Article 2922-1, first above mentioned, creates seven sep-
arate funds within the Teacher Retirement System. Subsequent provi-
sions of such article, providing for transfers from certain of such funds
to others, contemplate preservation of their several identities, which
obviously would be necessary in the administration of the System.

Since they are separate funds, the last two above mentioned
articles, 4363 and 4364, require separate accounts be kept for each fund
of bonds and other securities owned by each respective fund.

Therefore, it is the opinion of this office that the Teacher
Retirement System cannot pool all of the assets of the various funds of
the system for investment purposes.

## SUMMARY

The Teacher Retirement System cannot pool all
of the assets of all funds of the System for investment

purposes under Article 2922-1, V.C.S.

APPROVED:                                          Yours very truly,

Rudy G. Rice                                       JOHN BEN SHEPPERD
State Affairs Division                             Attorney General

Willis E. Gresham
Reviewer

By John Atchison

Burnell Waldrep                                    John Atchison
Executive Assistant                                       Assistant

John Ben Shepperd
Attorney General

JA:da